UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CINDY LOU WERT : CHAPTER 13
       Debtor :
 :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
       Movant :
 :
       vs. :
 :
CINDY LOU WERT :
       Respondent : CASE NO. 1-23-bk-01607

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 17th day of August, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1. Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor's disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Line 4 does not list contribution from the other three adult household members.
    b. Charitable contributions (verification) – Line 31.
    c. Further, line 46 should provide for an increase in income from that reported on Line 2. The debtor's actual income appears to be $12,108.00 per month.
    d. Line 11 should be $298.00 and not $596.00. (Debtor is filing individually; further, she only owns one vehicle.)
    e. Line 16 for taxes is grossly overstated. ($3,507.00 is 30% of the income amount the debtor states as her average monthly income.)
    f. Line 18 – the Trustee requests proof of this $302.00 a month term life insurance expense.
    g. Line 23 for an extra $80.00 a month optional telephone expense should be removed.
    h. Line 33d should not include "homeowner's insurance" as it is not a secured debt. Also, taxes are $430.00 a month and not $500.00 a month.

2. Debtor's plan violates 11 U.S.C. § 1322(a)(2) in that the debtor has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

3. Debtor's plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in her schedules.

4. SOFA #27 lacks description. (Dates not listed.)

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

## CERTIFICATE OF SERVICE

AND NOW, this 25th day of August, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Kara Gendron, Esquire
125 State Street
Harrisburg, PA  17101

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee